IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| William Servin Long,                    )<br>                                                     )<br>                           Petitioner,   )<br>                                                     )<br>        v.                                          )<br>                                                     )<br>Donald F. Bauknecht,                 )<br>Warden of FCI -Williamsburg,   )<br>                                                     )<br>                           Respondent. )<br>_____) | Civil Action No.8:06-3492-JFA-BHH<br><br>**REPORT AND RECOMMENDATION**<br>**OF MAGISTRATE JUDGE** |

The petitioner, a federal prisoner, seeks relief pursuant to Title 28, United States Code, Section 2241. This matter is before the Court on the respondent's motion for summary judgment and the petitioner's motion to appoint counsel.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review posttrial petitions for relief and submit findings and recommendations to the District Court.

The petitioner brought this habeas action on December 12, 2006. On February 28, 2007, the respondent moved for summary judgment. By order filed March 1, 2007, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. On March 8, 2007, the petitioner filed a response to the respondent's motion and a motion to appoint counsel.

## **FACTS**

The petitioner is currently incarcerated at the Federal Correctional Institution (FCI)

in Williamsburg, South Carolina.  On April 30, 1998, the petitioner was arrested in Florida by the Broward County Sheriff's Office for the state offense of Dealing in Stolen Property - specifically a firearm.  (Resp.'s Mem. Supp. Summ. J. Mot. Ex. 3.)  On July 24, 1998, he was sentenced in the Broward County Circuit Court to four years imprisonment with the Florida Department of Corrections (FDOC).  *(Id.)* Subsequently, the United States indicted the petitioner for the federal offense of Felon in Possession of a Firearm.  (*Id.* at ¶ 4.)

On April 7, 2000, the United States District Court for the Southern District of Florida sentenced the petitioner to 180 months imprisonment.  The District Court specifically noted that the sentence was to run concurrently with the undischarged Broward County sentence, and that the petitioner was to receive credit for time served.  (Resp.'s Mem. Supp. Summ. J. Mot Ex. 1.)  Following his sentencing in federal court, the petitioner was returned to the FDOC to finish serving his four year state sentence.  (Resp.'s Mem. Supp. Summ. J. Mot. Ex. 3 ¶ 5.)  On September 28, 2001, the petitioner was released from the FDOC custody into federal custody to serve his federal sentence.  (*Id.*)

On March 22, 2006, the petitioner while incarcerated in the FCI in Estill, South Carolina, filed a habeas action in the United States District Court Southern District of Florida raising the same claim as here.  *Long v. USA*, C/A No. 06-60352 (S.D. Fla. 2006). On March 29, 2006, the Magistrate Judge filed a Report and Recommendation recommending dismissal of the habeas action based on lack of jurisdiction.  (*Id.* Docket Entry #3.)  On July 24, 2006, United States District Judge Jose Martinez adopted in part the Magistrate's Report and dismissed the action for lack of jurisdiction.  (*Id.* Docket Entry

#13.) The District Court disagreed with the Magistrate's statement that the habeas action was most "properly the subject of a [28 U.S.C. §] 2255 motion to vacate." (*Id.* Docket Entry # 13 n. 1.) The District Court construed the action as one pursuant to 28 U.S.C. § 2241and, noting that § 2241 petitions must be brought in the district in which the inmate is incarcerated, dismissed the action for lack of jurisdiction.

## DISCUSSION

The petitioner filed this habeas petition pursuant to 28 U.S.C. § 2241, alleging his federal sentence has been incorrectly calculated. Relying solely on Section 5G1.3(b) of the United States Sentencing Guidelines Manual ("U.S.S.G."), the petitioner argues that he should receive credit for the time served on his state sentence prior to the imposition his federal sentencing. (Pet.'s Mem. Opp. Summ. J. at 2.) Specifically, the petitioner is seeking an order requiring the BOP to credit all of the time he had served on his state sentence prior to the imposition of his federal sentence or reduce his federal sentence by 23 months. (*Id.*)

It is well-settled that a federal sentence cannot commence before it is imposed, *United States v. Walker*, 98 F.3d 944, 945-46 (7th Cir.1996), and a district court has no power to award presentence credit. 18 U.S.C. ¶ 3585(b); *United States v. Wilson,* 503 U.S. 329, 333 (1992). *See also United States v. Mojabi*, 161 F.Supp.2d 33, 36 (D.Mass. 2001)("Section 3585(b) prohibits 'double-credit', i.e. awarding credit for presentence time served against one sentence if that time has already been credited against another sentence."); *United States v. Arroyo*, 324 F.Supp.2d 472 (S.D.N.Y. 2004) (holding BOP is

precluded from granting credit for time in pre-sentence detention that has already been credited against another sentence); *Bacon v. Fed. BOP,* No. 545-18, 2001 WL 34684734 (D.S.C. Mar. 22, 2001). Further, although a district court may order a federal sentence to run concurrently with an undischarged state sentence, 18 U.S.C. § 3584(a), the BOP cannot give credit for any period of presentence custody that has already been credited against another sentence, 18 U.S.C. § 3585(b). *Grimsley v. Lamana*, 2007 WL 963482 (D.S.C. 2007).

In *Ruggiano v. Reish*, 307 F.3d 121 (3d Cir.2002), the court explained that the sentencing court's authority under U.S.S.G. § 5G1.3 to "adjust" a sentence is distinct from the BOP's authority under 18 U.S.C. § 3585(b) to "credit" a sentence, even though the benefit to the defendant may be the same.[1] *Id.* at 131-33. Under § 5G1.3(b), if convictions arise from the same course of conduct, district courts may reduce the later sentence to account for the amount of time already served, on the prior, undischarged sentence. This is a sentence reduction designed to account for time spent in custody on a prior conviction. On the other hand, the credit that the BOP exclusively awards under § 3585(b) accounts for time served in detention prior to the date the federal sentence commences. *Id.*

Here, the petitioner has received the appropriate pre-state sentencing *Willis* credit,[2]

---

[1]The Attorney General is responsible for computing federal sentences for all offenses committed on or after November 1, 1987, 18 U.S.C. § 3585, and has delegated that authority to the BOP under 28 C.F.R. § 0.96 (1992).

[2]In *Willis v. United States*, 438 F.2d 923 (5th Cir. 1971), the court awarded federal credit based upon a state sentence because the defendant was denied release on state bail because a federal detainer has been lodged against him. 438 F.2d at 925. Pursuant to *Willis*, the petitioner

and the BOP is prohibited under 18 U.S.C. § 3585(b) from awarding credit for time served between the date of state sentencing and the date of federal sentencing because the time had already been credited to his state sentence.[3]  The BOP cannot give the petitioner credit for his entire state sentence.  Thus, the undersigned recommends denying this habeas action as it relates to the BOP.

The sentencing court alone had the authority to take into account the time already served on the petitioner's state sentence when sentencing the petitioner on his federal sentence, and indeed the record reflects that the federal sentencing court did appear to address the issue when he stated the petitioner was to receive credit for time served. However, this Court cannot order the BOP to provide credit against a federal sentence based on prior state incarceration. The petitioner's sole remedy with regard to any request he is making for credit due to an alleged error that occurred at sentencing is a writ of habeas corpus under 28 U.S.C. § 2255, which must be heard by the sentencing court. *Falcetta v. United States*, 155 Fed.Appx. 762 (5th Cir. Nov.22, 2005).  A petition under § 2241 is limited to those claims challenging the validity of an individual's detention and

---

has been awarded credit for the time period of May 2, 1998 through July 23, 1998. (Resp.'s Mem. Supp. Summ. J. Mot. Ex. 3 ¶ 11.) The petitioner does not raise any issues regarding the *Willis* credit and thus this is not an issue before the court.

[3]In *Willis v. United States*, 438 F.2d 923 (5th Cir. 1971), the court awarded federal credit based upon a state sentence because the defendant was denied release on state bail because a federal detainer has been lodged against him. 438 F.2d at 925. Pursuant to *Willis*, the petitioner has been awarded prior custody credit for the time period of May 2, 1998 through July 23, 1998. (Resp.'s Mem. Supp. Summ. J. Mot. Ex. 3 ¶ 11.) The petitioner does not raise any issues regarding the *Willis* credit and this is not an issue before the court.

execution of the current sentence. Here, the petitioner's claim regarding sentencing under § 5G1.3(B) concerns the imposition, not the execution, of his federal sentence and falls outside the scope of § 2241. *George v. Francis*, 2007 WL 983824 * 3 (N.D.W.Va. 2007)(unpublished)(holding "to the extent Petitioner challenges the way in which his sentence was calculated under U.S. S .G. § 5G1.3 , that issue directly challenges the manner in which Petitioner's sentence was imposed and should have been made pursuant to 28 U.S.C. § 2255")*; Gravitt v. Veach,* 2007 WL 1175735 (7th Cir. 2007)(unpublished). The petitioner was convicted and sentenced in the Southern District of Florida. Therefore, this Court lacks jurisdiction to grant the petitioner his requested credit. Rather, the petitioner must pursue this request in the sentencing court through a petition brought under 28 U.S.C. § 2255. *See United States v. DiRusso*, 535 F.2d 673, 674-676 (1st Cir.1976).

## **CONCLUSION AND RECOMMENDATION**

Based on the foregoing, it is RECOMMENDED that the Respondent's motion to Dismiss be GRANTED and the Petitioner's claims against the BOP be DISMISSED WITH PREJUDICE. Further, it is RECOMMENDED that the Petitioner's claim pursuant to § 5G1.3 be DISMISSED WITHOUT PREJUDICE so that the Petitioner may pursue his claim in the appropriate court. If the District Court adopts this report, it is also RECOMMENDED that the Petitioner's Motion to Appoint Counsel be DENIED as Moot.

IT IS SO RECOMMENDED.

>s/Bruce Howe Hendricks
>United States Magistrate Judge

May 17, 2007
Greenville, South Carolina

**The plaintiff's attention is directed to the following important notice.**

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

>Larry W. Propes, Clerk
>United States District Court
>P.O. Box 10768
>Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).