UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | | |
|---|---|---|
| William Servin Long, | ) | C/A No.: 8:06-3492-JFA- BHH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Donald F. Bauknecht, Warden of | ) | |
| FCI-Williamsburg, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter is before the court for review of the magistrate judge's Report and Recommendation made in accordance with 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 19.02(B)(2)(c) (D.S.C.).

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

1

*Wallace v. Housing Auth. of the City of Columbia,* 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. Respondent filed a motion for summary judgment on February 28, 2007, to which petitioner filed an opposition on March 8, 2007. The magistrate judge issued a Report and Recommendation on May 17, 2007 recommending that Respondent's motion be granted and petitioner's claims against the Bureau of Prisons be dismissed with prejudice. The Report also recommended that petitioner's claim pursuant to § 5G1.3(B) be dismissed without prejudice so that petitioner may pursue his claim in the appropriate court – the United States District Court for the District of Florida, which is the court that sentenced him.

Respondent did not file an objection to the report. Petitioner filed an objection on May 31, 2007, which has been carefully considered by the court. In his objection, petitioner explains that he filed an earlier motion in the Southern District of Florida, which was purportedly dismissed for lack of jurisdiction. Petitioner states that he is being sent "back and forth between districts," which he states "is not accomplishing anything." In his objection, he reiterates his request for a lawyer.

In light of the standard set out above, the court has reviewed, *de novo,* the record, the law, the Report and Recommendation of the magistrate judge, together with the petitioner's objections thereto, and finds there are no genuine issues of any material fact to be determined and that the respondent is entitled to judgment as a matter of law. While the court is

sympathetic to petitioner's frustrations, it is powerless to exercise jurisdiction over the portion of his claim made pursuant to § 5G1.3(B) because it is not the court that sentenced him.

The Report and Recommendation is incorporated herein by reference and adopted as the order of this court. The petitioner's objections are overruled, and the respondent's claim for summary judgment is granted. The petitioner's motion to appoint counsel is denied as moot.

IT IS SO ORDERED.

June 4, 2007                                                s/ Joseph F. Anderson, Jr.
Columbia, South Carolina                          United States District Judge